UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In Re: COMPLAINT OF MARK GARCY, d/b/a
Reel 1 Up Fishing Charters, as owner of a 25'
Wellcraft 250 Coastal, HIN: WELF8802F787, her
engines, tackles, appurtenances, etc., Petitioner, In a
Cause for Exoneration from or Limitation of
Liability.

Case No. 2:10-cv-486-FtM-29SPC

_____

## ORDER

This matter comes before the Court on Respondent Mary Miron's Motion to Compel (Doc. #22) filed on March 31, 2011. Petitioner Mark Garcy has failed to file a response within the time allowed by Local and Federal Rules. Therefore, the Motion is now ripe for review.

Respondent Miron propounded her Initial Interrogatories on Garcy on or about January 11, 2011. Miron subsequently propounded her Initial Request for Production on Garcy on or about February 7, 2011. The Parties agreed to an extension of the time for Garcy to respond. On or about March 29, 2011, Garcy served unverified answers to the Interrogatories. Miron asserts that Garcy has failed to respond to the Initial Requests for Production. Miron now moves the Court to compel Garcy to produce verified answers and respond to the requests for production.

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise, a party upon whom interrogatories have been served has 30 days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party

does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion will be sustained absent a find of abuse of discretion to the prejudice of a party. Id.

Under the Rules, Petitioner Garcy is required to file verified answers to the interrogatories. Accordingly, the Court will order him to do so. Any objections available to Garcy in responding to the Initial Interrogatories are not deemed to be waived by the Court. With regard to the request for production, Garcy has not disputed the assertion that he has failed to produce any documents in response to Miron's Initial Requests for Production. Therefore, the Court will order Garcy to respond to these requests as well. Accordingly, it is now

**ORDERED:**

(1) Respondent Mary Miron's Motion to Compel (Doc. #22) is **GRANTED**.

(2) Petitioner Garcy shall have up to and including **April 25, 2011** to produce verified responses to Miron's Initial Interrogatories.

(3) Petitioner Garcy shall have up to and including **May 2, 2011** to respond to Miron's Initial Request for Production. Any documents responsive to the requests shall be served by this date.

**DONE AND ORDERED** at Fort Myers, Florida, this \_\_18th\_\_ day of April, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record